**FILED**
JEFFREY A. APPERSON, CLERK

MAR 27 2006

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

vs.     CRIMINAL ACTION NO. 03-CR-116-C

EYAD SULEIMAN     DEFENDANT

## AGREED JURY INSTRUCTION ON COUNT 5

Comes the United States of America, by counsel, James R. Lesousky, Jr., Assistant United States Attorney for the Western District of Kentucky, for the purpose of filing with the Court the following proposed jury instructions to which both parties agree:

**Count 5: Title 18, U.S.C., § 2315**

The defendant is charged in Count 5 of the Third Superseding Indictment with receiving and possessing stolen property, that is, over the counter pharmaceuticals, in violation of Title 18, United States Code, Section 2315. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First: The defendant received or possessed stolen property worth $5,000 or more which was in interstate commerce; and

Second: At the time the defendant received or possessed the stolen property he knew the property was stolen.

Something is in interstate commerce if its movement begin in one state and continues into another state. A movement becomes interstate when the property comes into the possession of anyone who is helping to move it from one state to another and continues until the property is

delivered to its final destination. The government need not prove who stole the property.

Ninth Circuit Model Jury Instructions, Criminal, 2003 Edition, §8.159

### Deliberate Ignorance

Next, I want to explain something about proving a defendant's knowledge. No one can avoid responsibility for a crime by deliberately ignoring the obvious.

If you are convinced that the defendant deliberately ignored a high probability that over the counter pharmaceuticals he acquired through his business, Alpha Trading Company, were stolen, then you may find that he knew such goods were stolen.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that over the counter pharmaceuticals he acquired through he business, Alpha Trading Company, were stolen, and that the defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

Pattern Jury Instructions for the Sixth Circuit, 2005 Edition, §2.09.

### Testimony of an Accomplice

You have heard the testimony of Ms. Gina Cortez. You have also heard that she was involved in the same crime that the defendant is charged with committing. You should consider Ms. Cortez's testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

The fact that Ms. Cortez has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

Pattern Jury Instructions for the Sixth Circuit, 2005 Edition, §7.08

### Testimony of a Witness Under Grant of Reduced Criminal Liability

You have heard the testimony of Gina Cortez. You have also heard that the government has promised Ms. Cortez that it will consider making a motion for a reduced sentence in her case in exchange for her cooperation.

It is permissible for the government to make such a promise. But you should consider Ms. Cortez's testimony with more caution than the testimony of other witnesses. Consider whether her testimony may have been influenced by the government's promise.

Do not convict the defendant on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

Pattern Jury Instructions for the Sixth Circuit, 2005 Edition, §7.07

### Impeachment of a Witness by Prior Conviction

You have heard the testimony of Ms. Gina Cortez. You have also heard that before this trial Ms. Cortez was convicted of other crimes. The earlier convictions were brought to your

3

attention only as a way of helping you decide how believable her testimony was. Do not use it for any other purpose. It is not evidence of anything else.

Pattern Jury Instructions for the Sixth Circuit, 2005 Edition, §7.05B

## Expert Testimony

You have heard the testimony of Jerry Biggs, an expert witness. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You do not have to accept an expert's opinion. In deciding how much weight to give it, you should consider the witnesses' qualifications and how he reached his conclusions.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Pattern Jury Instructions for the Sixth Circuit, 2005 Edition, §7.03

Respectfully submitted,

DAVID L. HUBER
United States Attorney

James R. Lesousky, Jr.
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the forgoing was mailed on this 27th day of March, 2006, to Mr. Bart Adams, counsel for the defendant, at 239 South Fifth Street, Suite 500, Louisville, Kentucky 40202.

James R. Lesousky, Jr.
Assistant United States Attorney